1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   ROBERT P. GATES (ST. BAR #45210)
3  220 Montgomery Street, Suite 303
   San Francisco, CA  94104
4  Telephone:  (415) 392-5431
   Facsimile:  (415) 392-1978
5
   Attorneys for Plaintiffs
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE SHEET METAL WORKERS)   NO. C 07 4533 MJJ
   LOCAL 104 HEALTH CARE PLAN, BOARD OF         )
12 TRUSTEES OF THE SHEET METAL WORKERS PENSION  )
   TRUST OF NORTHERN CALIFORNIA, SHEET METAL    )
13 WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS  )   COMPLAINT
   PLAN; ANTHONY ASHER, TRUSTEE,                )
14                                              )
                        Plaintiffs,             )
15                                              )
            vs.                                 )
16                                              )
   ADVANCED AIRE SYSTEMS, INC., a California    )
17 corporation,                                 )
                                                )
18                      Defendant.              )
   _____)
19

20         Plaintiffs complain of defendant and for a cause of action

21 alleges that:

22         1.   Jurisdiction of this Court is founded upon Section 301

23 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)]

24 and Section 502 of the Employee Retirement Income Security Act of

25 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C.

26 §1132), in that defendant has violated a collective bargaining

27 agreement and certain Trust Agreements, thereby violating the

28 provisions of ERISA and the provisions of the National Labor Relations

                              COMPLAINT
                                -1-

1  Act of 1947.  This action is also brought pursuant to the Federal
2  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
3  controversy between plaintiffs and defendant, and for a Judgment that
4  defendant pay fringe benefit contributions in accordance with its
5  contractual obligations.
6        2.   Plaintiffs Boards of Trustees of the Trust Funds named
7  in the caption (hereinafter "Trust Funds") are trustees of employee
8  benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of
9  ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer
10 plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.
11 §§1002(37) and §1145.  Plaintiff Anthony Asher is a trustee.  Said
12 Trust Funds are authorized to maintain suit as independent legal
13 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).
14       3.   Plaintiffs are informed and believes and thereupon
15 alleges that defendant, ADVANCED AIRE SYSTEMS, INC., resides and does
16 business in Morgan Hill, California.  Performance of the obligations
17 set forth therein is in this judicial district.
18       4.   Each and every defendant herein is the agent of each
19 and every other defendant herein.  Defendants and each of them are
20 engaged in commerce or in an industry affecting commerce.
21       5.   At all times pertinent hereto defendant was bound by
22 a written collective bargaining agreement with Sheet Metal Workers
23 Local Union No. 104, a labor organization in an industry affecting
24 commerce.  The aforesaid agreement provide that defendant shall make
25 contributions to the TRUST FUNDS, on behalf of defendant's employees
26 on a regular basis on all hours worked, and that defendant shall be
27 bound to and abide by all the provisions of the respective Trust
28 Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter

the "Trust Agreements").

6. Defendant has breached both the provisions of the collective bargaining agreement and Trust Agreements referred to above by failing to pay moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1102, et seq.) and of the National Labor Relations Act of 1947.

7. Pursuant to the terms of the collective bargaining agreements, there is now due, owing and unpaid from defendant to the TRUST FUNDS contributions for hours worked by covered employees found due by a payroll audit for the period April 1, 2002 through March 31, 2005, and liquidated damages, interest and testing fees which are specifically provided for by said agreement. The total amount due is $1,447.12. Defendant has also failed to timely pay the contributions due for July 2007; Additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. Interest continues to accrue on the principal amount.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust

1  Agreements, and defendant refuses to make such payments in a timely
2  manner.
3          10.  The Trust Agreements provide that, in the event suit
4  is instituted to enforce payments due thereunder, the defendant shall
5  pay court costs and reasonable attorneys' fee.  It has been necessary
6  for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
7  as attorneys to prosecute the within action, and reasonable
8  attorneys' fee should be allowed by the Court on account of the
9  employment by plaintiff of said attorneys.
10         WHEREFORE, plaintiff prays:
11         1.  That the Court render a judgment on behalf of
12 plaintiffs for all contributions due and owing to the date of
13 judgment, plus liquidated damages provided for by the contract,
14 interest at the legal rate, reasonable attorneys' fees incurred in
15 prosecuting this action and costs.
16         2.  That the Court enjoin the defendant from violating the
17 terms of the collective bargaining agreement and the Trust Agreements
18 for the full period for which defendant is contractually bound to file
19 reports and pay contributions to the TRUST FUNDS.
20         3.  That the Court retain jurisdiction of this cause
21 pending compliance with its orders.
22         4.  For such other and further relief as the Court deems
23 just and proper.

DATED: August 29, 2007              ERSKINE & TULLEY
                                    A PROFESSIONAL CORPORATION


                                    By:/s/Michael J. Carroll
                                       Michael J. Carroll
                                       Attorneys for Plaintiffs

COMPLAINT
−4−